Francis J. Donovan, J.
Defendant moves before trial to suppress the identification of the defendant. He relies on United States v. Wade (388 U. S. 218) and a suggestion of an Assistant District Attorney recorded on a motion to dismiss an indictment in People v. Threadgill (Indictment No. 20515, Nassau County Ct.).
Pretrial motions for the purpose of obtaining a determination on admissibility of evidence prior to trial are relatively new in criminal procedure. Where initiated they were sanctioned by the Court of Appeals, as in the so-called Huntley (15 N Y 2d 72) hearings to exclude statements or confessions, or by statute as *904 provided for suppression of property seized in an unlawful search.
No such authority is cited to support the present motion.
The position of the Supreme Court in Wade (supra) is far from clear. Much will depend, in any case, on Iioav the evidence is presented at trial. It may well be that the effect of a prior confrontation of witness and defendant on a courtroom identification of the same witness may present factual questions to be determined by a jury. There is also a major public policy determination as to the desirability of compelling witnesses to make so many trips to court that the prosecution, expires from exhaustion prior to actual trial.
It is my opinion that the public interest and defendant’s rights may both be served without prejudice to either by relegating questions of identification evidence to the sound discretion of the Trial Judge. He may then hold hearings or hear argument apart from the jury as he would in any trial.
Motion denied.